UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOSEPH A. LUNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:16-cv-00118-SEB-TAB |
| | ) |
| USA, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Petitioner Joseph Luney has filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his convictions are unconstitutional. For the reasons stated below, the motion for relief is denied and a certificate of appealability will not issue.

Section 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

Luney pled guilty to one count of armed bank robbery under 18 U.S.C. § 2113(a) and (d); and one count of using a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). In support of his § 2255 motion, Luney argues that his conviction under 18 U.S.C. § 924(c) for using a firearm during a "crime of violence" is invalid in light of *Johnson*. *Johnson* held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), is unconstitutionally vague. Luney reasons that § 924(c) is similarly vague. Specifically, the predicate "crime of

violence" to support his conviction was bank robbery, 18 U.S.C. § 2113(a), and he argues that bank robbery no longer constitutes a crime of violence under *Johnson*.

After Luney filed his § 2255 motion, the Seventh Circuit held that *Johnson*'s holding extends to and therefore invalidates the residual clause in § 924(c), meaning § 924(c) convictions predicated on a crime of violence under § 924(c)'s residual clause are invalid. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). But the Seventh Circuit has also held that bank robbery constitutes a crime of violence under § 924(c)'s *force* clause, not the residual clause. *United States v. Williams*, No. 16-3373, 2017 WL 3186297, at *4 (7th Cir. July 27, 2017); *cf. United States v. Armour*, 840 U.S. 904 (7th Cir. 2016) (attempted bank robbery is a crime of violence under § 924(c)'s force clause); *see also United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016). Therefore, even though the Seventh Circuit has recognized the invalidity of § 924(c)'s residual clause, bank robbery remains a crime of violence under § 924(c)'s force clause, and Luney's conviction under § 924(c) remains valid. For this reason, he is not entitled to habeas relief.

In his supplement to his § 2255 motion, Luney argues that his guilty plea to the § 924(c) was not entered knowingly. He reasons that *Johnson* had not been decided at the time he entered his guilty plea and therefore he did not then know that the government would have had to prove the elements clause, rather than the residual clause, of 18 U.S.C. § 924(c). But, as already explained, armed bank robbery is, and has always been, a crime of violence under the elements clause of § 924(c). Luney has therefore identified no deficiency in his guilty plea.

For the foregoing reasons, Luney has not shown that he is entitled to relief under § 2255 and his motion is **denied**.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 4:99-cv-13-SEB-VTW-3.** Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Luney has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/16/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPH A. LUNEY
07444-032
LEXINGTON - FMC
LEXINGTON FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 14500
LEXINGTON, KY 40512

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov